408 S.E.2d 350

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

**v.**

**Amos C. WILSON, a Member of the West Virginia State Bar, Respondent.**

**No. 20163.**

Supreme Court of Appeals of West Virginia.

Submitted July 2, 1991.

Decided July 25, 1991.

Rehearing Denied Sept. 5, 1991.

---

Sherri D. Goodman, Bar Counsel, Charleston, for complainant.

George A. Daugherty, Daugherty, Tantlinger & Daugherty, Charleston, for respondent.

McHUGH, Justice:

In this attorney disciplinary proceeding the Committee on Legal Ethics of the West Virginia State Bar ("the Committee") recommends that this Court annul the license to practice law of the respondent, Amos C. Wilson, based upon the respondent's felony convictions of three counts of obtaining money by false pretenses from the State Workers' Compensation Fund, in violation of *W.Va.Code*, 61–3–24(a) [1988].[1] For the reasons stated below, we agree with the recommendation of the Committee and order the annulment of the respondent's license to practice law. In arriving at that decision on discipline, we conclude that the respondent is not entitled to an evidentiary mitigation hearing.

---

1. Under *W.Va.Code*, 61–3–24(a) [1988], the obtaining of money, goods or other property is a felony if the value of the item obtained is $200 or more. In this case each count to which the respondent pled guilty involved several thousand dollars.

## I

In February, 1991, upon the advice of a psychiatrist, the respondent, pursuant to *section 33* of article VI of the *By–Laws* of the West Virginia State Bar,[2] petitioned this Court for approval of his *voluntary resignation* from the membership of the State Bar, due to his alleged suffering from a "bipolar," also known as a "manic-depressive," condition. In March, 1991, the Committee requested that this Court stay its consideration of the respondent's resignation petition because the Committee had learned of pending criminal charges against the respondent.

On April 16, 1991, the respondent entered a plea of guilty to an information charging him with three counts of obtaining money by false pretenses, each a felony in violation of *W.Va.Code*, 61–3–24(a) [1988].[3] On that same day the Circuit Court of Kanawha County, West Virginia, accepted the respondent's plea of guilty *after determining that it was entered knowingly, intelligently and voluntarily*. The information had charged that the respondent, within the last two years, had altered medical evidence which he had submitted to the State Workers' Compensation Fund, to enhance fraudulently his clients' disability claims, thereby collecting a larger attorney's fee under the contingent-fee contracts which he had with the clients.

In May, 1991, the Committee, pursuant to *sections 23 and 25* of article VI of the State Bar *By–Laws*, filed its petition for *annulment* of the respondent's license to practice law, based upon the three *felony convictions* of obtaining money by false pretenses.

By an order entered on May 9, 1991, this Court conditionally granted the respondent's petition for voluntary resignation, by suspending the respondent's license to practice law, effective immediately, pending the resolution of the annulment proceedings against him. By another order entered on May 9, 1991, we scheduled a hearing before this Court on July 2, 1991, at which the respondent would be given the opportunity to show cause why his license to practice law should not be annulled.

In June, 1991, the respondent moved for a continuance of the July 2, 1991 hearing before us, to enable him to develop the record, by the depositions of two psychiatrists, in order to disclose the respondent's alleged mental condition from 1970 (and especially since 1988) to the present. The Committee opposed the motion for a continuance, and we denied the same.[4]

On July 1, 1991, the respondent filed his response. In it he, for the first time, primarily seeks consideration under *section 26* of article VI of the State Bar *By–Laws* on attorney *incapacity* or incompetency, rather than annulment under sections 23 and 25 of that article of the *By–Laws*.

The Court heard argument of counsel on July 2, 1991, and the case was submitted for decision. During argument before us, counsel for the respondent stated that the respondent was *not* going to seek to set aside the guilty pleas on the three counts of obtaining money by false pretenses.

## II

Under Rule 8.4 of the *West Virginia Rules of Professional Conduct*, at page 521 of the "Court Rules" volume of the *West Virginia Code* (Michie 1991), "[i]t is professional misconduct for a lawyer to: … [¶] (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [¶] (c) engage in conduct involving dishonest[y], fraud, deceit or misrepresentation; [or] [¶] (d) engage in conduct that is prejudicial to the administra-

---

2. The *By–Laws* of the West Virginia State Bar were last amended in 1989.

3. The respondent, commendably, had disclosed voluntarily the matters which were contained subsequently in the criminal information.

4. The depositions of the two psychiatrists were submitted to this Court on July 1, 1991. In view of our holding in section II of this opinion, we consider these depositions to be irrelevant to this proceeding. We do note that these depositions do *not* indicate that the respondent is now unable to defend himself adequately in this disciplinary proceeding.

tion of justice[.]"[5] Similarly, section 23 of article VI of the *By–Laws* of the West Virginia State Bar, at page 570 of the 1991 "Court Rules" volume, provides that "[t]he license of any attorney shall be annulled and such attorney shall be disbarred upon proof that he [or she] has been convicted— (a) of any crime involving ... professional unfitness[.]" These two provisions certainly cover the respondent's felony convictions for obtaining money by false pretenses from the State Workers' Compensation Fund.

■ The Committee has shouldered its burden of proving the convictions and the resulting ethical violations. The relevant part of section 25 of article VI of the State Bar *By–Laws*, at page 572 of the 1991 "Court Rules" volume, states:

In any proceeding to suspend or annul the license of any such attorney because of his [or her] conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a con-

viction within the meaning of this section.

In light of this language, we held in syllabus point 2 of *Committee on Legal Ethics v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989), that "[w]here there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction." *Accord*, syl.pt. 1, *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 401 S.E.2d 248 (1990); syl. pt. 1, *Committee on Legal Ethics v. Boettner*, 183 W.Va. 136, 394 S.E.2d 735 (1990).

■ The respondent does not assert that felony convictions of obtaining money by false pretenses are insufficient to form the basis of annulling an attorney's license to practice law. Instead, he seeks now to *convert* this disciplinary proceeding into a proceeding under section 26 of article VI of the State Bar *By–Laws*, whereby an attorney's license to practice law may be suspended indefinitely based upon the proven incapacity or disability of the attorney to continue the practice of law, by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants.[6]

---

**5.** The *West Virginia Rules of Professional Conduct* were last amended in 1990.

**6.** The pertinent part of section 26 of article VI of the *By–Laws* of the State Bar, at page 573 of the 1991 "Court Rules" volume, provides:

(a) Where an attorney has been judicially declared incompetent or involuntarily committed to a mental hospital, the supreme court of appeals, upon proper proof of the fact, shall enter an order suspending such attorney from the practice of law effective immediately and for an indefinite period until the further order of the court. A copy of such order shall be served upon such attorney, his [or her] committee, and/or the director of the mental hospital in such manner as the court may direct.

(b) Whenever the Investigative Panel or Hearing Panel [of the Committee on Legal Ethics] shall petition the court to determine whether an attorney is incapacitated from continuing the practice of law by reason of mental infirmity or illness or because of addiction to drugs or intoxicants, the court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including the exami-

nation of the attorney by such qualified medical experts as the court shall designate. If, upon due consideration of the matter, the court concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him [or her] on the ground of such disability for an indefinite period and until the further order of the court and any pending disciplinary proceeding against the attorney shall be held in abeyance.

The court may provide for such notice to the respondent-attorney of proceedings in the matter as is deemed proper and advisable and may appoint an attorney to represent the respondent if he [or she] is without adequate representation.

(c) *If, during the course of a disciplinary proceeding*, the respondent contends that he [or she] is suffering from a disability by reason of mental or physical infirmity or illness, or because of addiction for drugs or intoxicants, which *make[s] it impossible for the respondent to adequately defend himself* [or herself], the court thereupon shall enter an order immediately suspending the respondent from continuing to practice law until a determination is made of the respondent's capacity to

We conclude that the requirements of section 26 of article VI of the State Bar *By–Laws* for holding in abeyance a pending disciplinary proceeding have not been met in this case. Subsection (c) of section 26 of article VI of the State Bar *By–Laws* requires the Investigative Panel or the Hearing Panel of the Committee on Legal Ethics to institute an incapacity proceeding, during the course of a disciplinary proceeding, only if, during the disciplinary proceeding, the respondent contends that his or her alleged present disability makes it impossible for the respondent to defend himself or herself adequately. The respondent here has *not* so contended.

Moreover, the respondent, by counsel, has indicated to this Court that he will not be requesting the Circuit Court of Kanawha County to set aside the guilty pleas for incompetency at the time the plea was entered or for the lack of criminal responsibility at the time the offenses were committed. Therefore, there is no basis for suspending or terminating this disciplinary proceeding.

A case which is remarkably close to the case now before us is *Ballard v. State Bar*, 35 Cal.3d 274, 673 P.2d 226, 197 Cal. Rptr. 556 (1983). That case involved an attorney who, in a pending disciplinary proceeding, claimed a chronic psychological disorder which, he argued, entitled him to treatment under a section of that state's professional code very similar to section 26 of article VI of the *By–Laws* of the West Virginia State Bar. The Supreme Court of California, in refusing to abate a disciplinary proceeding in favor of an incapacity proceeding, held that a disciplinary proceeding will be abated in favor of an incapacity proceeding only if it is determined that the attorney is unable to assist in the defense of the disciplinary proceeding because of incapacity at the time of such proceeding, and the disciplinary proceeding ultimately would be abandoned only if, at the time of the offenses, the attorney's mental illness rendered him or her unable to form the intent which is an element of the offenses charged. 35 Cal.3d at 286 & n. 20, 673 P.2d at 234 & n. 20, 235, 197 Cal.Rptr. at 564 & n. 20, 565.

■ Accordingly, this Court holds that an attorney who is the subject of a pending disciplinary proceeding under sections 23 and 25 of article VI of the *By–Laws* of the West Virginia State Bar may obtain an order from this Court holding the disciplinary proceeding in abeyance if, and only if, the attorney, pursuant to subsection (c) of section 26 of article VI of the *By–Laws* of the West Virginia State Bar, contends explicitly that he or she is suffering currently from a disability by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, which makes it impossible for the respondent attorney to practice law currently and to defend himself or herself adequately in the disciplinary proceeding. If, after any such contention, it is determined subsequently that the attorney is not incapacitated to that extent, this Court, under subsection (c) of section 26 of article VI of the *By–Laws* of the West Virginia State Bar, will direct the resumption of the disciplinary proceeding against the respondent. The disciplinary proceeding ultimately would be dismissed only if the attorney's mental illness, at the time of the offense, rendered him or her unable to form the intent which is an element of the offense charged.[7]

continue to practice law in a proceeding instituted in accordance with the provisions of paragraph (b) of this section.

If, in the course of a proceeding under this section or in a disciplinary proceeding, the court shall determine that the respondent is not incapacitated from practicing law, it shall take such action as it deems proper and advisable including a direction for the resumption of the disciplinary proceeding against the respondent.

(emphasis added) Here, the respondent refers to his alleged "bipolar" ("manic-depressive") condition as a disabling mental infirmity. He does not, however, contend that this alleged condition makes it impossible for him to defend himself adequately in this disciplinary proceeding.

7. Likewise, a pending disciplinary proceeding under sections 14 and 20 of article VI of the State Bar *By–Laws*, that is, a disciplinary proceeding based upon misconduct *not* involving a *conviction* indicating professional unfitness, may be held in abeyance under section 26 of article VI of the *By–Laws* when the respondent

### III

■ The respondent has *not* requested an evidentiary *mitigation* hearing. *See* syl.pt. 2, *Committee on Legal Ethics v. Boettner*, 183 W.Va. 136, 394 S.E.2d 735 (1990). Under syllabus point 3 of *Boettner*, such a hearing is not held automatically; it must be requested explicitly:

The right to an evidentiary mitigation hearing is not automatic. In order to obtain such a hearing, the attorney must make a request therefor after the Committee on Legal Ethics files its petition with this Court under Article VI, Section 25 of the Constitution, By–Laws, and Rules and Regulations of the West Virginia State Bar.

In addition, the respondent here has expressed that he will not be challenging his guilty pleas in the court where they were entered. "Under these facts and circumstances we fail to discern any purpose for such a [mitigation] hearing." *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 508, 401 S.E.2d 248, 253 (1990).

The repeated, large-scale, criminal deceit and criminal fraud perpetrated upon the State Workers' Compensation Fund by the respondent, an attorney who exploited his knowledge of a practical weakness in the administrative system, "strikes at the very essence of the integrity of the legal system[,]" *Folio*, 184 W.Va. at 508, 401 S.E.2d at 253, specifically, the administration of justice. We consequently hold that the respondent is not entitled to an evidentiary mitigation hearing.

■ Based upon all of the above, this Court, concerned primarily with protecting the public, and in view of the inapplicability of section 26 of article VI of the State Bar *By–Laws*, orders the annulment of the respondent's license to practice law in this state. Pursuant to section 20 of article VI of the State Bar *By–Laws*, we also order the respondent to reimburse the Committee for the actual and necessary expenses in-

curred by it in connection with this proceeding.

License to practice annulled.

---

attorney contends that he or she is unable to defend himself or herself adequately due to in-

capacity.